## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   **No. 1:22-cv-00358-JAW** |
| | ) |
| SPECIAL AGENT IN CHARGE | ) |
| OF FBI FIELD OFFICE IN | ) |
| SOUTHERN DISTRICT OF | ) |
| NEW YORK, | ) |
| | ) |
| **Defendant** | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Having granted Ronald Satish Emrit's application to proceed *in forma pauperis*, *see* ECF No. 13, his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, I recommend that the Court dismiss Emrit's complaint.

### I.  Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

The allegations in Emrit's pro se complaint are too incomprehensible to attempt to summarize in any detail. *See generally* Complaint. Suffice it to say, he appears to accuse "the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI)" of unlawfully interfering with his ability to get married to a woman who is being held as a political prisoner in Cuba and to another woman who lives in Kharkiv, Ukraine. *Id.* at 3-9. He brings civil rights claims against the Special Agent and seeks injunctive relief and $80,000 in damages. *See id.* at 6-13.

## III.  Discussion

Emrit—who resides in Florida—is up front in his complaint that he originally wanted to bring this suit in the Southern District of New York (SDNY) but was prevented from doing so because "Chief Judge Loretta Preska of SDNY entered a vexatious litigant order against" him.  *Id.* at 1-3.  He opted instead to file his complaint in other courts in New England and New York in the hope that they would transfer his case to SDNY.  *See id.*

In being so frank about his desire to circumvent the SDNY vexatious litigant order, Emrit has essentially admitted that venue is not proper in this District. Moreover, his complaint is devoid of any allegations suggesting that venue is proper in this District—insofar as it appears, he is a resident of Florida suing a federal agent from New York based on alleged actions that took place entirely outside of Maine. *See* 28 U.S.C. § 1391(e)(1) (providing that civil actions against an officer or employee of the United States may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides").

A case brought in the wrong venue "shall" be "dismiss[ed]" unless it is in the "interest of justice" to transfer the case to a district "in which it could have been brought."  28 U.S.C. § 1406(a).  Here, it would not be in the interest of justice to transfer this case because Emrit intentionally filed it in the wrong district to circumvent a vexatious litigant order.  *See Cole v. Wittman*, No. 96-1583, 1996 WL 516121, at *1 (1st Cir. Sept. 12, 1996) ("[I]t is not in the interest of justice

to use 28 U.S.C. § 1406(a) to aid a non-diligent plaintiff who knowingly files a case in the wrong district." (cleaned up)).

Even setting the issue of improper venue aside, Emrit's complaint is also subject to dismissal because it is frivolous. As the District Court for the Northern District of Florida explained when evaluating a similar complaint filed by Emrit, his complaint fails to meet even the most basic pleading requirements because

> [i]nstead of stating the "who," "what," "when," "why" or "how" necessary to support a claim, [Emrit] provides wholly superfluous information, which has no bearing as to any of his stated causes of action. [He] has not set forth any facts showing that he has been harmed, his rights violated, or that Defendant engaged in any wrongful conduct as to him. Instead, . . . [his] complaint is incoherent, nonsensical, and completely devoid of any factual or legal basis.

*Emrit v. Special Agent*, No. 1:22cv282-AW-HTC, 2022 WL 17824014, at *2 (N.D. Fla. Nov. 9, 2022) (rec. dec.), *aff'd*, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022).

Because Emrit has an incredibly lengthy history of vexatious litigation in other federal courts around the country, I recommend that the Court warn him that further groundless filings may result in the imposition of filing restrictions against him in this District. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993) (explaining that adequate notice should be afforded before imposing filing restrictions); *Emrit v. Special Agent*, 2022 WL 17824014, at *1 & nn. 1-2 (collecting cases and describing Emrit as a "vexatious litigant with over 500 cases filed throughout the country" (footnotes omitted)); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019) (rec. dec.) ("[Emrit] has a long history of abusing [*in forma pauperis*] privilege and [he] has been acknowledged as a

vexatious litigator in a least six district courts."), *aff'd*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019).

Finally, I also recommend—given the obvious frivolity of Emrit's complaint and the fact that he has previously filed a nonsensical appeal in this matter, *see* ECF Nos. 5, 11-12—that the Court certify that any appeal from its order dismissing this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## IV. Conclusion

For the foregoing reasons, I recommend that the Court (1) **DISMISS** Emrit's complaint, (2) **DEEM MOOT** his pending motion *in limine* (ECF No. 9), (3) **WARN** him that filing restrictions may be in the offing, and (4) **CERTIFY** that any appeal from the order of dismissal would not be taken in good faith.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: April 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge