UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00358-JAW |
| | ) |
| SPECIAL AGENT IN CHARGE OF | ) |
| FBI FIELD OFFICE IN SOUTHERN | ) |
| DISTRICT OF NEW YORK (SDNY) | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT, IMPOSING *COK* WARNING, CERTIFYING AGAINST APPEAL, AND DISMISSING MOTION IN LIMINE AND MOTION FOR JOINDER**

Faced with a vexatious and frivolous litigant, the Court affirms the recommended decision of the Magistrate Judge, dismisses the complaint, dismisses as moot two pending motions, warns the litigant that filing restrictions may be in the offing, and certifies that any appeal would not be taken in good faith.

**I.    BACKGROUND**

On November 15, 2022, Ronald Satish Emrit, a resident of Sarasota, Florida, filed a complaint in the District of Maine against an unidentified Special Agent in Charge of FBI Field Office in Southern District of New York (SDNY). *Compl.* (ECF No. 1). Mr. Emrit also filed a motion to proceed without prepayment of fees and costs on November 15, 2022. *App. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 3).

Within the complaint is a request that this Court transfer the case to the U.S. District Court for the Southern District of New York, and on December 6, 2022, without this Court issuing an order, Mr. Emrit filed a notice of appeal, claiming that it was an abuse of discretion and/or clearly erroneous for this Court not to transfer the case to the Southern District of New York. *Notice of Appeal* (ECF No. 5). On January 31, 2023, the Court of Appeals for the First Circuit dismissed the appeal because Mr. Emrit failed to respond to its January 5, 2023 order to show cause. *J.* (ECF No. 11). On March 28, 2023, the First Circuit issued its mandate, returning jurisdiction to this Court. *Mandate* (ECF No. 12).

While this case was pending in the Court of Appeals, Mr. Emrit filed a motion in limine, seeking to admit three photographs and for the Court to take judicial notice of certain facts. *Mot. in Limine* (ECF No. 9) (*Mot. in Limine*). On April 6, 2023, the Magistrate Judge granted Mr. Emrit's motion to proceed without prepayment of fees and costs. *Order* (ECF No. 13).

On April 6, 2023, the Magistrate Judge issued a recommended decision in which she recommended that the Court dismiss Mr. Emrit's Complaint, dismiss as moot the pending motion in limine, issue a so-called *Cok* warning, and certify that any appeal would not be taken in good faith. *Recommended Decision After Prelim. Review* (ECF No. 14) (*Recommended Decision*). Mr. Emrit has not filed an objection to the recommended decision.

On April 14, 2023, however, Mr. Emrit filed a motion for joinder of the United States Attorney's Office in the commonwealth of Massachusetts. *Mot. for a Joinder*

*of U.S. Att'y's Office in Mass. as a Necessary and Indispensable Party Pursuant to Rule 19 of the Fed. R. of Civ. P. (FRCP)* (ECF No. 15) (*Mot. for Joinder*).

## II. THE RECOMMENDED DECISION

In the recommended decision, the Magistrate Judge did an admirable job attempting to decipher the gravamen of Mr. Emrit's Complaint. Apart from the merits of the Complaint, it is plain that this District has no jurisdiction over Mr. Emrit's civil action. Mr. Emrit is a resident of Florida and he is trying to sue a special agent of the FBI who works in New York, and there is no hint of any event that took place in the state of Maine or any connection with the District of Maine. Indeed, in his Complaint, Mr. Emrit admits that the reason he filed this lawsuit in Maine is to ask this Court to transfer the case to the Southern District of New York. *Compl.* at 2-3. Mr. Emrit says that Chief Judge Loretta Preska of the U.S. District Court for the Southern District of New York has entered a "vexatious litigant order against plaintiff." *Id.* at 1-2. Accordingly, Mr. Emrit brought this lawsuit in Maine to "have the case transferred into the Southern District of New York." *Id.* at 2. The Magistrate Judge correctly observed that "[i]n being so frank about his desire to circumvent the SDNY vexatious litigant order, Emrit has essentially admitted that venue is not proper in this District." *Id.* at 3. In addition to recommending dismissal of the Complaint, the Magistrate Judge recommended dismissal of the other then pending motion, issuance of a *Cok* warning, and certification that any appeal would not be taken in good faith. *Id.* at 4-5.

3

### III. DISCUSSION

#### A. The Dismissal

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision. Specifically, venue does not lie properly in the District of Maine, making the Complaint subject to dismissal.

#### B. The Pending Motions

There are two motions pending before this Court: the motion in limine and the motion for joinder of the United States Attorney for Massachusetts. *See Mot. in Limine*; *Mot. for Joinder*. With the dismissal of Mr. Emrit's Complaint, the Court dismisses these motions as moot.

#### C. *Cok v. Family Court of Rhode Island*

In *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), the First Circuit explained that before a court-imposed filing restrictions against a litigant issues, the court should warn the litigant or otherwise give notice that "filing restrictions may be in the offing in response to groundless litigation." *Id.* at 35. The First Circuit also observed that it would be "helpful had the court identified what previously filed frivolous cases or other abuses caused it to issue this injunction." *Id.* In the recommended decision, the Magistrate Judge noted that Mr. Emrit has "an incredibly lengthy history of vexatious litigation in other federal courts around the

4

country." *Id.* at 4. The Magistrate Judge pointed out that one court found that Mr. Emrit has been a vexatious litigant in over 500 cases throughout the country. *Id.* Indeed, as Mr. Emrit acknowledged, the sole reason he filed this civil action in the District of Maine is to circumvent a vexatious litigant order in the Southern District of New York. *See Compl.* at 1-2. This is not a proper basis for Mr. Emrit to bring a civil action in federal court in the District of Maine and Mr. Emrit has alleged no connection with the District of Maine that would have justified filing a lawsuit here.

With Mr. Emrit's documented history and this Court's review of his filings in this case, the Court hereby provides a *Cok* warning to Mr. Emrit that any further frivolous filings on this docket or with this District will result in immediate filing restrictions being imposed and may result in additional sanctions. *See Gakuba v. AG of Me.*, 2:23-cv-00009-GZS, 2023 U.S. Dist. LEXIS 9037, at *2 (D. Me. Jan. 19, 2023). This order represents the "cautionary order" of which *Cok* speaks. *Jones v. Me. State Police Dep't*, 1:22-cv-002000-NT, 2022 U.S. Dist. LEXIS 138493, at *1 (D. Me. Aug. 4, 2022).

## D. Appeal Certification

In the recommended decision, the Magistrate Judge also recommended that the Court certify in writing pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Recommended Decision* at 5 (quoting § 1915(a)(3)). For the reasons in the recommended decision, the Court agrees. First, Mr. Emrit has already filed a nonsensical appeal to the Court of Appeals for the First Circuit, one that the Court of Appeals was able to quickly dispatch but wasted judicial

5

resources. Mr. Emrit's appeal was patently frivolous since when Mr. Emrit filed his appeal, this District had not issued any orders at all on his case, much less an order that could properly have been appealed. Second, the entire premise of Mr. Emrit's Complaint is entirely frivolous, namely that he could enlist the assistance of another federal court in his effort to circumvent the lawful filing restriction order of another federal court. There is no possible non-frivolous basis for an appeal of this order.

## IV. CONCLUSION

The Court issues the following orders:

1) The Court AFFIRMS without objection the Recommended Decision of the Magistrate Judge (ECF No. 14) and DISMISSES WITH PREJUDICE Ronald Satish Emrit's Complaint (ECF No. 1);

2) The Court AFFIRMS without objection the Recommended Decision of the Magistrate Judge (ECF No. 14) and DISMISSES AS MOOT the Plaintiff's Motion in Limine (ECF No. 9);

3) The Court DISMISSES AS MOOT the Plaintiff's Motion for Joinder of the United States Attorney's Office in Massachusetts (ECF No. 15);

4) The Court WARNS Ronald Satish Emrit pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35-36 (1st Cir. 1993) that filing restrictions may be in the offing; and

5) The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of any parts of this order would not be taken in good faith.

SO ORDERED.

                                                  /s/ John A. Woodcock, Jr.
                                                  JOHN A. WOODCOCK, JR.
                                                  UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2023.